ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

FILED
SEP 17 2008
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **WACKENHUT SERVICES, INC.,** | ) | |
| **Plaintiff,** | ) | **Case No.** 08-660 C |
| **v.** | ) | **(Judge ______________)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Wackenhut Services, Inc. ("WSI"), respectfully moves this Court for an Order granting a Preliminary Injunction enjoining, until further order of the Court, performance of the Contract awarded to Coastal Security International, Inc. ("Coastal"), by the National Aeronautics and Space Administration ("NASA") under Solicitation No. NNX077040R (the "RFP" or "Solicitation").

Preliminary injunctive relief is required because, without it, NASA and Coastal will proceed with performance of the Contract, thus possibly depriving WSI of any relief even if WSI should win its Bid Protest. Neither the Government nor Coastal will be harmed by such relief, in that performance of work under the Contract previously has been stayed in accordance with 31 U.S.C. § 3553(d)(3) pursuant to a Bid Protest previously filed with the U.S. Government Accountability Office ("GAO") on June 10, 2008, docketed as B-400240, B-400240.2. GAO issued a decision denying the bid protest on September 10, 2008. In addition, NASA is able to meet its performance needs through current contracts that either will not expire during this proceeding or may be readily extended.



LDR/234024.1

As set out in greater detail in WSI's Memorandum of Points and Authorities in Support of its Application for Temporary Restraining Order and Motion for Preliminary Injunction, filed concurrently, WSI has a strong likelihood of success on the merits because NASA has acted arbitrarily and capriciously, violated applicable law and regulation, and abused its discretion in deciding to award the contract to Coastal. WSI will suffer irreparable harm absent the requested injunctive relief because its proposal was not fairly and lawfully considered, and it will lose any meaningful prospect of relief, and anticipated profits, if Coastal is permitted to perform the Contract during the pendency of that protest. WSI faces the prospect of irreparable harm and has no adequate remedy at law unless this Court intervenes. Neither NASA nor Coastal will be harmed by the issuance of an order granting injunctive relief. Issuance of a preliminary injunction is in the public interest because the public benefits by fair competition for Government contracts and by ensuring the conduct of procurements in accordance with applicable procurement laws and regulations.

In accordance with RCFC 67(c), WSI requests that the Court either forego any bond, or alternatively, require only a nominal cash deposit.

Pursuant to RCFC 65(a)(2), WSI suggests that the Court advance and consolidate the hearing on the merits with the hearing on WSI's Motion for Preliminary Injunction.

WHEREFORE, WSI requests that the Court issue a Preliminary Injunction enjoining performance of the Contract pending the Court's final decision in this matter.

Respectfully submitted,

Richard J. Webber.
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Tel: 202-857-6254 Fax: 202-857-6395
webberr@arentfox.com
Attorney of Record for Wackenhut Services, Inc.

Of Counsel:
Lisa K. Miller
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
miller.lisa@arentfox.com
Tel: 202-857-6000 Fax: 202-857-6395

September 17, 2008